UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELBRICK PASAYES ALBIZURES,<br>Petitioner,<br>v.<br>SCOTT KERNAN, Warden,<br>Respondent. | Case No. 17-cv-03933-CRB (PR)<br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND PETITIONER'S REQUEST FOR A STAY AND ABEYANCE**<br>(ECF No. 17) |

I.

Petitioner, a state prisoner currently on parole, filed a pro se First Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (FAP) challenging a 2014 conviction for rape and sexual penetration from Napa County Superior Court. In the operative FAP, petitioner claims that: (1) there was insufficient evidence to support the jury's finding that he was guilty of forcible penetration; (2) the trial court's exclusion of the victim's prior conviction for impeachment purposes violated the Confrontation Clause; (3) the trial court erred in giving a jury instruction regarding consciousness of guilt and prior false statements; (4) the trial court erred by failing to instruct the jury that it could not convict petitioner unless the circumstantial evidence was inconsistent with any other rational conclusion; and (5) the prosecutor committed misconduct and counsel was ineffective for failing to object to the misconduct. ECF No. 10 (FAP) at 5, 7-8.

On June 1, 2018, the court (Laporte, M.J.) found the claims cognizable under § 2254 and ordered respondent to show cause why a writ of habeas corpus should not be granted. Respondent instead filed a motion to dismiss on grounds that claim (1) is unexhausted, and claims (4) and (5) are procedurally defaulted. Petitioner has filed an opposition and respondent has filed a reply.

II.

A.

Petitioner concedes that claim (1) is unexhausted because his state appellate attorney failed to raise claim (1) to the Supreme Court of California on direct review, and requests that the court stay and hold these proceedings in abeyance so he can exhaust claim (1). In support of his request, petitioner submits a declaration from appellate counsel where counsel states that he has "no idea" why he "failed to re-raise the claim of insufficiency of the evidence on the penetration count" in the Supreme Court of California because he believes the claim has merit. ECF No. 21 (Pet.'s Response) at 4.

A district court may stay a mixed habeas petition to allow the petitioner to exhaust in state court. See Rhines v. Weber, 544 U.S. 269, 277-78 (2005). But the petitioner must show (1) "good cause" for his failure to exhaust his claims in state court, (2) that his unexhausted claims are not "plainly meritless," and (3) that he has not engaged in "intentionally dilatory litigation tactics." Id. at 278. The court is satisfied that petitioner has done so. Claim (1) is not plainly meritless, petitioner has not engaged in intentionally dilatory litigation tactics and appellate counsel's admittedly unexplainable failure to exhaust the claim constitutes good cause under Rhines. See Blake v. Baker, 745 F.3d 977, 982-84 (9th Cir. 2014) (claim of ineffective assistance by postconviction counsel supported by evidence may constitute good cause under Rhines). Claim (1) is dismissed without prejudice for failure to exhaust state judicial remedies.

B.

Respondent argues that claim (4) is procedurally defaulted on federal habeas because on direct appeal the California Court of Appeal found the instructional error claim procedurally barred under state law. The California Court of Appeal specifically found claim (4) procedurally barred because under California law "a party may not argue on appeal that an instruction correct in law was too general or incomplete, and thus needed clarification, without first requesting such clarification at trial." People v. Albizures, No. A141488, slip op. at 19-20 (Cal. Ct. App. Jan. 28, 2016) (quoting People v. Livingston, 53 Cal. 4th 1145, 1165 (2012)) (internal quotation marks omitted) (ECF No. 17 at 28-29). The court rejected petitioner's argument that he was not required to request clarification because the instructions actually given were not correct in law, and made clear that petitioner "forfeited his claim of [instructional] error." Id. at 22.

Federal habeas review is barred on grounds of procedural default if a state court denied a claim because the petitioner failed to comply with the state's requirements for presenting it.

Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). The state's grounds for denying the claim "must be independent of the federal question and adequate to support the judgment." Id. at 729. A state procedural bar is adequate if it is firmly established and regularly followed. Walker v. Martin, 562 U.S. 307, 316 (2011).

The Ninth Circuit has recognized and applied California's contemporaneous objection rule in affirming the denial of a federal claim on grounds of procedural default where counsel failed to object at trial. See Inthavong v. Lamarque, 420 F.3d 1055, 1058 (9th Cir. 2005) (holding petitioner barred from challenging admission of evidence for failure to object at trial); Paulino v. Castro, 371 F.3d 1083, 1092–93 (9th Cir. 2004) (holding petitioner barred from challenging jury instruction for failure to object at trial); Vansickel v. White, 166 F.3d 953, 957–58 (9th Cir. 1999) (holding petitioner barred from challenging denial of peremptory challenges for failure to contemporaneously object). Because the California Court of Appeal imposed this valid state procedural bar to petitioner's instruction error claim, claim (4) is procedurally defaulted on federal habeas. Accord Ralls v. Hedgpeth, No. 10-cv-4732-CRB (PR), 2012 WL 892185, at *10 (N.D. Cal. Mar. 14, 2012) (finding instructional error claim procedurally defaulted on federal habeas where state court denied claim for failure to object at trial). And because petitioner has not shown cause and prejudice or a miscarriage of justice to overcome the default, see Coleman, 501 U.S. at 750, claim (4) is barred from federal habeas review and dismissed with prejudice.

C.

Respondent argues that claim (5) is procedurally defaulted on federal habeas because on state habeas the California Court of Appeal found the claim procedurally barred under state law. The California Court of Appeal specifically found claim (5), which is comprised of a sub-claim of prosecutorial misconduct and a sub-claim of ineffective assistance of counsel for failing to object to the misconduct, was procedurally barred as follows:

> The petition for writ of habeas corpus is denied. (*In re Dixon* (1953) 41 Cal.2d 756, 759 [as to all claims other than ineffective assistance of counsel]; *In re Swain* (1949) 34 Cal.2d 300, 303-04 [all claims].)

In re Albizures, No. A152856, slip op. at 1 (Cal. Ct. App. Dec. 1, 2017) (ECF No. 17 at 111). In other words, the prosecutorial misconduct sub-claim was procedurally barred under the Dixon rule that the claim could have been, but was not, raised on direct appeal, see In re Dixon, 41 Cal. 2d at 759; and the ineffective assistance of counsel sub-claim was procedurally barred under the Swain

3

rule that a claim must be pled with sufficient particularity, see In re Swain, 34 Cal. 2d at 304.

The Supreme Court of the United States has recognized California's Dixon rule as an adequate and independent state procedural bar. See Johnson v. Lee, 136 S. Ct. 1802, 1805-06 (2016). Because the California Court of Appeal imposed this valid state procedural bar to petitioner's prosecutorial misconduct sub-claim, this sub-claim of claim (5) is procedurally defaulted on federal habeas. Accord McCarthy v. Frauenheim, No. 16-cv-06820-HSG (PR), 2017 WL 5972696, at *2 (N.D. Cal. Dec. 1, 2017) (finding claim procedurally defaulted on federal habeas where state court denied claim with citation to In re Dixon, 41 Cal. 2d at 759); Raygoza v. Holland, No. 16-cv-02978-EMC (PR), 2017 WL 2311300, at **3-4 (N.D. Cal. May 26, 2017) (same). And because petitioner has not shown cause and prejudice or a miscarriage of justice to overcome the default, see Coleman, 501 U.S. at 750, the prosecutorial misconduct sub-claim of claim (5) is barred from federal habeas review and dismissed with prejudice.

The Ninth Circuit has recognized that a California court's denial of a habeas petition with a citation to In re Swain is essentially a holding that the petitioner has not pled facts with sufficient particularity and that this defect can be cured in a renewed state habeas petition. See Kim v. Villalobos, 799 F.3d 1317, 1319 (9th Cir. 1986). Because the California Court of Appeal denied petitioner's ineffective assistance of counsel sub-claim with a citation to In re Swain the claim has not been exhausted in the state courts. See id. But petitioner can exhaust by filing a new state habeas petition that sets forth his claim of ineffective assistance of counsel with sufficient particularity. Accord McCarthy, 2017 WL 5972696, at *3. Petitioner's ineffective assistance of counsel sub-claim of claim (5) is dismissed without prejudice for failure to exhaust state judicial remedies.

III.

For the foregoing reasons, respondent's motion to dismiss (ECF No. 17) is GRANTED. Claim (4) (instructional error regarding circumstantial evidence) and the prosecutorial misconduct sub-claim of claim (5) are dismissed with prejudice as procedurally barred from federal habeas review. But claim (1) (insufficiency of the evidence as to penetration) and the ineffective assistance of counsel sub-claim of claim (5) are dismissed without prejudice to exhausting state judicial remedies.

4

Petitioner's request for a stay and abeyance under Rhines to exhaust his unexhausted claims is GRANTED. Cf. Dixon v. Baker, 847 F.3d 714, 722-23 (9th Cir. 2017) (petitioner need only show that one of his unexhausted claims is not plainly meritless to qualify for a stay under Rhines). If petitioner wishes to have this court consider his unexhausted claims – claim (1) (insufficiency of the evidence as to penetration) and the ineffective assistance of counsel sub-claim of claim (5) – he must properly present them to the Supreme Court of California in a new habeas petition.

The clerk is instructed to ADMINISTRATIVELY CLOSE the case. Nothing further will take place in this matter until petitioner exhausts his unexhausted claims in the state courts and, within 28 days thereafter, moves to reopen the case and lift the court's stay.

**IT IS SO ORDERED**.

Dated: February 5, 2019

_____
CHARLES R. BREYER
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELBRICK PASAYES ALBIZURES,<br>　　　　Plaintiff,<br>　　v.<br>SCOTT KERNAN,<br>　　　　Defendant. | Case No. 3:17-cv-03933-CRB<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 5, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Elbrick Pasayes Albizures
P.O. Box 1431
Dixon, CA 95620


Dated: February 5, 2019

　　　　　　　　　　　　　　　　　　Susan Y. Soong
　　　　　　　　　　　　　　　　　　Clerk, United States District Court

　　　　　　　　　　　　　　　　　　By:_____/s/ L. Scott_____
　　　　　　　　　　　　　　　　　　Lashanda Scott, Deputy Clerk to the
　　　　　　　　　　　　　　　　　　Honorable CHARLES R. BREYER